IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00577-WYD-MEH

LLOYD VICTOR HAYNES,

    Plaintiff,
v.

RYAN MEMMEN,
STEVE BUSH, and
UNITED STATES OF AMERICA,

    Defendants.

**RECOMMENDATION ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is Plaintiff's Petition for Rule 60(b)(4)(6) Relief from 41(b) Involuntary Dismissal [Docket #79]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.    Background**

This action was instituted on April 4, 2003. Plaintiff's claims were dismissed on June 21, 2004, as a sanction for Plaintiff's failure to respond to Defendants' discovery request and failure to prosecute this action. Plaintiff alleges that any such failure was that of his counsel Terry Rector, and that Plaintiff was not aware of these proceedings. Nearly three years later, on March 12, 2007, Plaintiff filed a Motion for Status Report. Dock. #60. In this motion, Plaintiff stated that he was aware his counsel would withdraw in 2004 if he did not pay him an additional $5,000.00. Plaintiff stated that he asked for more time to obtain a new attorney in May 2004 but did not receive a response from the Court. Plaintiff next filed a Motion to Proceed with Complaint on August 23,

2007. Dock. #64. Plaintiff insists that he has never abandoned his Complaint and argues he received ineffective assistance of counsel from his attorney. Plaintiff also states that his counsel is now subject to disciplinary proceedings for his negligent handling of his clients' cases. Defendants responded to this Motion and pointed out that Terry Rector withdrew from the case on April 16, 2004. This lawsuit was dismissed as a sanction against Plaintiff for his failure to respond to discovery issued by Defendants and to respond to Court directives after Mr. Rector withdrew. Dock. #65. Notice of this Order was sent to Plaintiff, not his counsel. Dock. #56.

Plaintiff has renewed his request for relief from the dismissal of his complaint on the grounds that he was unaware of any of these proceedings and that, based on the ineffective assistance of counsel, he was denied his right to due process in this proceeding.

**II.    Discussion**

Plaintiff seeks relief from judgment under Fed. R. Civ. P. 60(b)(4) and (6), which allow relief if the judgment is void or for "any other reason that justifies relief." Plaintiff's Motion must be denied for the following reasons. First, a motion brought under either subsection (4) or (6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes a reasonable time depends on the relevant circumstances of the case. *Sorbo v. UPS*, 432 F.3d 1169, 1178 (10th Cir. 2005). Nevertheless, Plaintiff must make a "compelling showing of extraordinary circumstances" to justify relief. *Dowell ex rel. Dowell v. Board of Educ.*, 8 F.3d 1501, 1509 (10th Cir. 1993).

In this case, Plaintiff waited nearly three years after judgment entered. During this time, he apparently had no contact with his attorney or the Court, and he does not explain how he could wait so long and still believe that his case was pending. Waiting nearly three years to seek relief is not reasonable. *Harrison v. Gilbert*, 259 F. App'x 161, 163 (10th Cir. 2007).

2

Second, Plaintiff argues that the judgment is void because it was the conduct of his counsel that resulted in dismissal, not his own conduct. Such conduct is properly imputed to Plaintiff. *E.g.*, *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("A litigant chooses counsel at his peril. Counsel's disregard of his professional responsibilities can lead to extinction of his client's claims."); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Holding a client accountable for the actions of his counsel is proper to avoid the prejudice to Defendants resulting from their inability to defend against the lawsuit, while, at the same time, allowing a plaintiff, if he is truly aggrieved, to pursue a malpractice action. *Inman v. American Home furniture Placement*, 120 F.3d 117, 119 (8th Cir. 1997) (citing *Link*, 370 U.S. at 634 n.10). Thus, the conduct of Plaintiff's counsel is not "a reason that justifies relief" from the judgment entered in this case, because Plaintiff may pursue a malpractice action against his attorney if his inability to prevail in this lawsuit is truly the result of his counsel's negligence. *Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (declining to "visit the sins of a plaintiff's lawyer upon the defendant") (quotations and citation omitted).

Finally, notice of the Court's intention to dismiss Plaintiff's case was mailed directly to Plaintiff, not his counsel. Even if Plaintiff did not receive this notice as he argues, his allegations do not constitute the "extraordinary circumstances" necessary to provide relief from judgment and require Defendants to again face Plaintiff's allegations over three years after judgment was entered in their favor.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Petition for Rule 60(b)(4)(6) Relief from 41(b) Involuntary Dismissal [Filed July 18, 2008; Docket #79] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 5th day of August, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).