IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-00577-WYD-MEH

LLOYD VICTOR HAYNES,

    Plaintiff,

v.

RYAN MEMMEN,
STEVE BUSH,
and UNITED STATES OF AMERICA,

    Defendants,
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Petitioner's Rule 60(b)(4)(6) Relief from Involuntary Dismissal (docket #79), filed July 18, 2008. The motion was referred to Magistrate Michael E. Hegarty for a Recommendation by Order of Reference dated July 22, 2008. Magistrate Judge Hegarty issued a Recommendation on August 5, 2008, that the above referenced motion be denied. (Recommendation at 1.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. (Recommendation at 4.) On August 18, 2008, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

Plaintiff commenced this action on April 4, 2003 alleging that he received injuries while a federal inmate in the custody of the United States. As summarized by Magistrate Judge Hegarty,

> Plaintiff's claims were dismissed on June 21, 2004, as a sanction for Plaintiff's failure to respond to Defendants' discovery request and failure to prosecute this action. Plaintiff alleges that any such failure was that of his counsel Terry Rector, and that Plaintiff was not aware of these proceedings. Nearly three years later, on March 12, 2007, Plaintiff filed a Motion for Status Report. Dock. #60. In this motion, Plaintiff stated that he was aware his counsel would withdraw in 2004 if he did not pay him an additional $5,000.00. Plaintiff stated that he asked for more time to obtain a new attorney in May 2004 but did not receive a response from the Court. Plaintiff next filed a Motion to Proceed with Complaint on August 23, 2007. Dock. #64. Plaintiff insists that he has never abandoned his Complaint and argues he received ineffective assistance of counsel from his attorney. Plaintiff also states that his counsel is now subject to disciplinary proceedings for his negligent handling of his clients' cases. Defendants responded to this Motion and pointed out that Terry Rector withdrew from the case on April 16, 2004. This lawsuit was dismissed as a sanction against Plaintiff for his failure to respond to discovery issued by Defendants and to respond to Court directives after Mr. Rector withdrew. Dock. #65. Notice of this Order was sent to Plaintiff, not his counsel. Dock. #56.

(Recommendation at 1-2.) Plaintiff now renews his request for relief from the dismissal of his complaint pursuant to Fed. R. Civ. 60(b)(4) and 60(b)(6).

III.    ANALYSIS

As stated earlier, Magistrate Judge Hegarty recommended that Plaintiff's motion be denied. (Recommendation at 1.) In his Recommendation, Magistrate Judge Hegarty found that a motion brought under Fed. R. Civ. 60(b) either subsection (4) or

(6) must be made "within a reasonable time." Fed. R. Civ. 60(c)(1). "What constitutes a reasonable time depends on the relevant circumstances of the case. *Sorbo v. UPS*, 432 F.3d 1169, 1178 (10th Cir. 2005). Nevertheless, Plaintiff must make a "compelling showing of extraordinary circumstances" to justify relief. *Dowell ex rel. Dowell v. Board of Educ.*, 8 F.3d 1501, 1509 (10th Cir. 1993)." (Recommendation at 2.) Magistrate Judge Hegarty concluded that it was not reasonable for the Plaintiff to wait nearly three years after the judgment was entered in his case to seek relief. *Harrison v. Gilbert*, 259 F. App'x 161, 163 (10th Cir. 2007).

In his Recommendation, Magistrate Judge Hegarty found that the conduct of Plaintiff's counsel is "not a reason that justifies relief from the judgment entered in this case, because Plaintiff may pursue a malpractice action against his attorney if his inability to prevail in this lawsuit is truly the result of his counsel's negligence." (Recommendation at 3.) No objections were filed to this part of the Recommendation, which I affirm and adopt. I find Magistrate Judge Hegarty's Recommendation on this issue is well reasoned and sound, and agree that the motion is properly denied as to this issue.

Next, Magistrate Judge Hegarty concluded that notice of the Court's dismissal Order was mailed directly to the Plaintiff, not his counsel. "Even if Plaintiff did not receive this notice as he argues, his allegations do not constitute the 'extraordinary circumstances' necessary to provide relief from judgment and require Defendants to again face Plaintiff's allegations over three years after judgment was entered in their favor." (Recommendation at 3.) In his Objection to this part of the Recommendation, Plaintiff argues that since he was not "properly given notice of the action of the Court,

prior to execution of any dismissal Orders," he should be granted relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6).  (Objection at 1.)

Relief under Fed. R. Civ. P. 60(b) is extraordinary and may only be granted in exceptional circumstances.  *Buegler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).  Here, Plaintiff specifically requested relief under Rule 60(b)(4) and 60(b)(6).

A. <u>Rule 60(b)(4)</u>

A district court must grant relief under Rule 60(b)(4) if "the judgment is void." Fed. R. Civ. P. 60(b)(4).  "Arguably, a motion to set aside a judgment for voidness under 60(b)(4) is subject to a 'reasonable' time limitation."  *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) (holding that "if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"). However, "a judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."  *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (internal citations omitted).

Here, Plaintiff argues that since the Final Notice and Warning (docket #49) and the Magistrate Judge's Recommendation for Dismissal (docket #55) were sent to his counsel and not directly to him, he never received notice that his case would be dismissed.  Thus, the judgment is void as he did not receive due process.  Importantly, Plaintiff concedes that he did receive notice of my Order of Dismissal Affirming the

-4-

Magistrate Judge's Recommendation (docket #56).[1]  My Order of Dismissal was filed on June 21, 2004.  In both his pending motion and Objection, Plaintiff fails to address why he waited three years from the date of my Order of Dismissal to file a motion for a status of the case or four years to file the instant motion.  Thus, after carefully reviewing the file in this matter, I agree with Magistrate Judge Hegarty that Plaintiff's failure to receive the Final Notice and Warning (docket #49) and the Magistrate Judge's Recommendation for Dismissal (docket #55) before I entered my Order of Dismissal does not rise to the level of a violation of due process.  Plaintiff received notice from my Order of Dismissal on June 21, 2004 and had ample opportunity to move for reconsideration of my ruling.  Plaintiff took no action for three years.  I find that after reviewing the relevant facts of this case and Plaintiff's Objection, there exists no basis for relief pursuant to Rule 60(b)(4).  Therefore, I affirm the Recommendation to deny Plaintiff's motion pursuant to Rule 60(b)(4).

> B. Rule 60(b)(6)

The Tenth Circuit has described Fed. R. Civ. 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).  However, only a specific "kind of legal error provides the extraordinary circumstances justifying relief under Rule 60(b)(6)." *Id.* In *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975), the Tenth Circuit granted relief under Rule 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured." *Id.* at 723.  Here, I

---

[1] I assume that the Plaintiff received notice of all other filings in the case (over fifty docket entries) as he does not argue otherwise.

agree with Magistrate Judge Hegarty that I need not reach the merits of Plaintiff's Objection relative to Rule 60(b)(6) since it has a "reasonable time" requirement. I find that the Plaintiff's failure to file this motion until four years after I issued my Order of Dismissal is not reasonable. Further, Plaintiff provides no explanation for this extraordinary delay. Therefore, I affirm the Recommendation to deny the motion pursuant to Rule 60(b)(6).

After carefully reviewing Magistrate Judge Hegarty's Recommendation and Plaintiff's Objection, I agree with Magistrate Judge Hegarty that Plaintiff's motion should be denied for the reasons stated in both the Recommendation and this Order. Magistrate Judge Hegarty's Recommendation is thorough, well reasoned and is adopted. Accordingly, Plaintiff's Objection is overruled. To the extent Plaintiff asserts other objections, I find no merit to them. Accordingly, the Recommendation of Magistrate Judge Hegarty is affirmed and adopted, and Plaintiff's motion is denied.

IV. CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty (docket #81), filed August 5, 2008, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Petitioner's Rule 60(b)(4)(6) Relief from Involuntary Dismissal (docket #79), filed July 18, 2008, is hereby **DENIED**.

Dated: August 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge