IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  03-cv-00577-WYD-MEH

LLOYD VICTOR HAYNES,

      Plaintiff,

v.

RYAN MEMMEN,
STEVE BUSH,
 and UNITED STATES OF AMERICA,

      Defendants,

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion for Relief From Final

Judgment, filed September 9, 2009 [#86].  The United States filed a response on

September 29, 2009 [#87].   No reply was filed.  For the reasons set forth herein, the

motion shall be denied.

I.    <u>Background</u>:

Plaintiff filed his initial Complaint on April 4, 2003, in which he sought damages

for injuries sustained in an automobile accident that occurred while he was being

transported as a federal inmate.  At the time his Complaint was filed, Plaintiff was

represented by attorney Terry Ernest Rector.  On March 31, 2004, the United States

filed a "Motion to Compel Responses to First Request for Production of Documents"

based on Plaintiff's failure to respond to written discovery during the discovery phase of

the case.  The U.S. Magistrate Judge assigned to the case issued an Order on April 2,

2004, stating that Plaintiff shall respond to the Motion to Compel by April 16, 2004. However, on April 8, 2004, Mr. Rector filed a Motion to Withdraw as counsel for Plaintiff, in which he stated that he was unable to locate Plaintiff, that Plaintiff was not cooperating with counsel, and that Plaintiff had been advised that "discovery is due" on April 14, 2009.  The Motion to Withdraw also listed Plaintiff's last known address in Colorado Springs, and stated that a true and correct copy of the motion had been sent to Plaintiff.  *See* Doc. #46.

On April 16, 2004, Mr. Rector's motion to withdraw as counsel was granted, and a copy of the minute order was sent to Plaintiff at his last known address.  *See* Dock. #48.  When Plaintiff did not file a response to the United States' Motion to Compel by April 16, 2004, the U.S. Magistrate Judge issued a "Final Notice and Warning to Plaintiff."  *See* Doc. #49.  In the Final Notice and Warning, Mr. Haynes was given until May 6, 2004, to respond to the United States' discovery and/or to respond to the United States' Motion to Compel.  However, the Certificate of Service indicates that this Final Notice and Warning was not sent to Plaintiff, but was sent to Mr. Rector.  When Plaintiff did not respond to the Motion to Compel, the U.S. Magistrate Judge issued a Recommendation for Dismissal. *See* Doc. #55.  Again, the Certificate of Service associated with the Recommendation indicates that it was erroneously sent to Plaintiff's former counsel, but was not sent to Plaintiff.  On June 21, 2004, I entered an Order affirming and adopting the Recommendation for Dismissal, and dismissing Plaintiff's claims.  *See* Doc. #56.  This Order was sent to Plaintiff at his last know address, but was returned to the Court with a notation stating that Plaintiff had moved and his current address was unknown.

Almost three years later, on March 12, 2007, Plaintiff filed a Motion for Status Report, in which he requested information concerning the status of the case so that he could comply with any outstanding orders. In the motion, Plaintiff admitted that he was aware in May, 2004, that his counsel intended to withdraw from the case, but stated that at that time he requested "an extension of time within which to obtain a new attorney, and received no such response or answer from the Court." *See* Doc. #60.  I note that the Docket in this case does not reflect any request by Plaintiff for an extension of time to obtain new counsel.  On May 31, 2007, a copy of my Order of June 21, 2004, dismissing Plaintiff's claims, was again sent to Plaintiff at a new address in Trinidad, Colorado.

On July 18, 2008, Plaintiff filed a pleading styled "Rule 60(b)(4)(6) Relief From 41(b) Involuntary Dismissal", which was ultimately denied on August 25, 2008.  *See* Doc. #83.  In the August 25, 2008, Order, I noted that Plaintiff concedes that he received my Order of Dismissal dated June 21, 2004, and that Plaintiff failed to address why he waited three years from the date of the Order of Dismissal to file a motion requesting case status or a motion for reconsideration.  I also found that Plaintiff had not demonstrated an adequate basis for relief from judgement under Fed. R. Civ. P. 60(b)(4) or (6).

II.     Plaintiff's Pending Motion for Relief From Final Judgment

In the instant Motion for Relief From Final Judgement ("the motion"), Plaintiff asserts that new evidence has come to light that would justify relief form the dismissal of this case, and raises several new arguments in support of his motion.

A.   <u>Legal Framework</u>

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'"

*Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation

marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at

*1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  The court's treatment of the motion for reconsideration depends on

whether the order is a final order that disposes of all claims and all parties or is an

interlocutory order.  Here, Plaintiff requests reconsideration of the final judgment

dismissing his case.

As to final judgments, the Tenth Circuit "construe[s] a motion for reconsideration

in one of two ways."  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  "'If the

motion is filed within ten days of the district court's entry of judgment, the motion is

treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'"  *Id.*

(quotation omitted).  "'Alternatively, if the motion is filed more than ten days after the

entry of the judgment, it is considered a motion seeking relief from the judgment under

Fed.R.Civ.P. 60(b).'"  *Id.* (quotation omitted); *see also Lawrence v. Maher*, 62 Fed.Appx.

907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished).  While Plaintiff does not

specifically request relief under Rule 60(b), because the motion was filed well outside

the time frame for motions filed Rule 59, I will consider the instant motion as one filed

pursuant to Rule 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional

circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see*

*also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A

-4-

litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgement." *Van Skiver*, 952 F.2d at 1243-44. "A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is 'extraordinary and may only be granted in exceptional circumstances.'" *Servants of the Paraclete*, 204 F.3d at 1009 (quotation and internal quotation marks omitted).

In the instant motion, Plaintiff makes some reference to Rule 60(b)(1), and asserts, in connection with several of his arguments, that the relief requested is justified based on "excusable neglect." I note that Rule 60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect." However, pursuant to Rule 60(c), a motion brought under Rule 60(b) subsection (1), (2), and (3) must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Here, the instant motion was brought over five years after Court's June 21, 2004 Order dismissing Plaintiff's claims. Moreover, none of the grounds for relief from judgement set forth in Rule 60(b)(2) - (5), which provide relief based on newly discovered evidence, in cases of fraud, or where the judgment is void or has been satisfied, appear to apply in this case. Therefore, Plaintiff must demonstrate that he is entitled to relief under Rule 60(b)(6).

This rule provides, ""On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States* , 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted). "[A] district court may grant a Rule

-5-

60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).  The District Court has substantial discretion in a Rule 60(b)(6) motion. *Cashner*, 98 F.3d at 580.

      B.   <u>Analysis</u>

Turning to Plaintiff's arguments in the instant motion, Plaintiff first asserts that his former counsel never notified him of his request to withdraw and that the Court sent the order granting the motion to withdraw to "an old address where the Plaintiff no longer lived."  Plaintiff also contends that he was not notified of the dismissal of his case because after his counsel was permitted to withdraw, neither the Recommendation for Dismissal nor the Final Notice and Warning were sent to him.

As to the Motion to Withdraw, I note that Plaintiff's former counsel stated in the Motion to Withdraw that the motion was sent to Plaintiff at his last known address in Colorado Springs.  In addition, the April 14, 2004, Order granting the Motion to Withdraw was sent to Plaintiff at his last known address in Colorado Springs.  Moreover, on page 2 of his Motion for Status Report, filed March 12, 2007 [#60], Plaintiff acknowledges that sometime prior to May, 2004, he was aware that Mr. Rector "had either withdrawn or was going to withdraw."  As to Plaintiff's notice of the dismissal of his case, although the Recommendation for Dismissal and the Final Notice and Warning issued by the Magistrate Judge were not sent to Plaintiff, my June 21, 2004, Order of Dismissal was sent to Plaintiff at his last known address, and Plaintiff does not assert that he was unaware of the entry of this Order.

Although Plaintiff states that he was incarcerated shortly after May 26, 2004, he

does not state the length of his incarceration.  Plaintiff asserts that while incarcerated he requested copies of his case file from his former counsel, and that he encountered difficulty in obtaining those documents.  However, he does not explain why he waited three years to file a motion requesting status of this case, or four years to file his first motion for reconsideration.  Plaintiff contends the he suffers from a condition known as hypothyrodisim as a result of the accident at issue and that this condition, which causes confusion and memory lapses, was not properly treated while Plaintiff was incarcerated. However, Plaintiff does not submit any exhibits or declarations to support this assertion, nor does he state when he was diagnosed or explain how this condition prevented him from pursing this case.

Finally, Plaintiff maintains that he believed that he had complied with all pending discovery requests as the as his answers to interrogatories were sent to Mr. Rector on March 25, 2004.  As noted in the United States' response, this matter was dismissed based on Plaintiff's failure to respond to the United States' "First Request for Production of Documents."  The United States agrees that Plaintiff provided answers to interrogatories.

Upon review of Plaintiff's motion, the United States' response, and the file before me, I do not find that Plaintiff has established the existence of exceptional circumstances sufficient to justify relief from judgment under Rule 60(b).

III.   Conclusion

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Motion for Relief From Final Judgment, filed September 9, 2009 [#86] is **DENIED**.

Dated:  November 13, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge